IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HEATH LEE, *et al.*,

    *Plaintiffs*,

v.

    Civil Action No. ELH-21-1589

MARK M. MEYERS, ESQ., *et al.*

    *Defendants*.

**MEMORANDUM OPINION**

The self-represented plaintiffs, Heath and Marcia Lee, filed suit against defendants "Mark M. Meyers;"[1] Diane S. Rosenberg; Rosenberg & Associates, LLC ("Rosenberg & Associates"); and "Nationstar Mtg. d/b/a Mr. [C]ooper LLC" ("Nationstar"). ECF 1 (the "Complaint"). Plaintiffs allege various irregularities in the mortgage foreclosure process for their property on South Beechfield Avenue in Baltimore. *Id*.

The Complaint, titled "5.5 Million Dollar Civil Lawsuit For Non-Judicial Wrongful Foreclosure," lodges claims for "Wrongful Foreclosure"; violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.; breach of contract; fraud, "Violation of Federal Trust and Lien Laws;" slander of title; slander of credit; and "Infliction of Emotional Distress." ECF 1 at 9, 14. Plaintiffs assert federal question jurisdiction, pursuant to 28 U.S.C. § 1331. *Id*. at 3-4. They ask the Court, *inter alia*, to vacate the foreclosure; to determine that the actions of defendants were "unfair and deceptive business practices;" to discharge their debt; and to award compensatory and punitive damages. *Id*. at 15.

---

[1] In the Complaint, the defendant is identified as "Mark M. Meyers, Esq." *See* ECF 1. In his motion to dismiss, however, the defendant clarifies that his name is actually "Mark D. Meyer." *See* ECF 17-1 at 1; *id*. at 1 n.1. The Clerk shall correct the docket.

Summons were returned executed on November 19, 2021, alleging service on all defendants on October 25, 2021. *See* ECF 20. But, defendants contest the adequacy of service of process. *See* ECF 16-1 at 6-7; ECF 17-1 at 4-5.

Nationstar filed a motion to dismiss on November 12, 2021, pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6). ECF 16. It is supported by a memorandum (ECF 16-1) (collectively, the "Nationstar Motion") and numerous exhibits. ECF 16-3 to ECF 16-11. Defendants Meyer, Rosenberg, and Rosenberg & Associates (collectively, "Rosenberg Defendants") moved to dismiss on November 15, 2021, pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6). ECF 17. Their motion is supported by a memorandum (ECF 17-1) (collectively, the "Rosenberg Motion") and exhibits. ECF 17-2; ECF 17-3. The Nationstar Motion and the Rosenberg Motion advance similar arguments.

By notices dated November 18, 2021 (ECF 18; ECF 19), plaintiffs were informed of their right to respond in opposition to the two motions, due within 28 days. ECF 18 at 1; ECF 19 at 1. They were also advised in each Notice, as follows: "If you do not file a timely written response . . . the Court may dismiss the case or enter a judgment against you without further opportunity to present written argument." ECF 18 at 1; ECF 19 at 1. Plaintiffs did not respond to the motions. Accordingly, the Court issued an Order on December 20, 2021, granting plaintiffs until January 14, 2022, to respond to the motions. ECF 22. And, they were informed that if they did not submit a response, the Court would assume they do not oppose the motions. *Id.* As of this date, plaintiffs have not responded to the motions. *See* Docket. Therefore, I shall assume that the motions are unopposed.

Although plaintiffs have not responded to the motions to dismiss, they submitted a variety of other motions and filings. All but two were filed prior to the filing of the defendants' motions

to dismiss.  The submissions include a "Jurisdictional Challenge" (ECF 2); a "Notice and Demand for Default" (ECF 3); a motion for a temporary restraining order ("TRO"), permanent injunction, and emergency hearing (ECF 8); a "Motion to Moot All Pleadings" (ECF 9); a "Motoin [sic] to Challenge Jurisdiction of Eviction Court" (ECF 14); a "Notice of Claim Against Judge Ellen L. Hollander" (ECF 21); and "Notice of Recusal of Magistrate Judge Pursuant to 28 USCS Sec. 455." (ECF 23).  By Memorandum (ECF 12) and Order (ECF 13) of October 14, 2021, I denied plaintiffs' request for a TRO and emergency hearing (ECF 8).

No hearing is necessary to resolve the pending motions.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Nationstar Motion and the Rosenberg Motion.  And, I shall deny the various motions and requests submitted by plaintiffs.

### I. Recusal Motion

Plaintiffs have filed a "Notice of Recusal of Magistrate Judge . . . ."  ECF 23.  They seem to labor under the mistaken belief that I am a U.S. Magistrate Judge, rather than a U.S. District Judge.  For example, they state, *id.* at 1: "This objection and notice of claim is against the Magistrate Judge for interfering without legal judicial authority . . . ."  They also assert that I acted "without legal consent or jurisdiction," in violation of 28 U.S.C. § 636 and Fed. R. Civ. P. 73.  *Id.* In addition, plaintiffs have filed "Notice of Claim Against Judge Ellen L. Hollander For Violation of The Administrative Procedures Act of 1946, Obstruction of The Administration of Justice, And Violation of Constitutional Right Under Color of Law For Making A Determination Without Jurisdiction."  ECF 21.

Because recusal is a threshold issue, I shall consider it first.

As noted, plaintiffs lodge complaints concerning the involvement of a U.S. Magistrate Judge.  However, no magistrate judge has ever been involved in this case.  *See* Docket.  A request

for consent to a magistrate judge (ECF 21-2 at 2) was provided by the Clerk, as is routine. But, consent was not obtained. Therefore, the case was never assigned to a magistrate judge.

Plaintiffs also complain, *inter alia*, that the Court gave the defendants "a second chance to answer" the suit. ECF 21 at 1. In this regard, plaintiffs have filed an affidavit. ECF 21-1. Further, plaintiffs assert a conflict of interest by virtue of my membership in the "Bar Association . . . a secret society" (ECF 21 at 6); violation of the "Administrative Procedures Act of 1946" (*id*. at 7); "Obstruction of the Administration of Justice" (*id*.); and "treason" (*id*. at 8). *Cf. Jones v. Bengston*, Case No. 21-10181, 2021 WL 4034218, at *1-2 (E.D. Mich. Sept. 3, 2021) (striking similar "notice of claim," as well as recusal notice similar to ECF 23, as "impertinent" and "improper" filings). ECF 23 contains similar accusations.

Both 28 U.S.C. § 144 and § 455 are relevant here. Section 144 is titled "Bias or prejudice of judge," and § 455 is titled "Disqualification of justice, judge, or magistrate judge." Under both § 144 and § 455, the judge whose objectivity is being challenged by a motion to recuse is the one who should first review the matter and render the disqualification decision.

Section 455(a), which focuses on the appearance of impropriety, is intended to promote confidence in the judiciary. *Liljeberg v. Health Serv. Acquisition Corp*., 486 U.S. 847, 865 (1988). It states, 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The term "proceeding" in § 455 includes the usual stages of litigation. *Id.* § 455(d)(1); *see also United States v. Cherry*, 330 F.3d 658, 666 (4th Cir. 2003) (the presiding judge has the discretion to recuse herself).

As the Supreme Court has observed, § 455(a) "deals with the *objective appearance of partiality*." *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994) (emphasis in *Liteky*). Under this

"'objective standard,'" the court asks "'whether the judge's impartiality might be questioned by a reasonable, *well-informed* observer who assesses *all the facts and circumstances*.'"  *United States v. Stone*, 866 F.3d 219, 230 (4th Cir. 2017) (emphasis in *Stone*) (quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)); *see also In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).  Thus, disqualification is warranted "only if it appears that [a judge] harbors an aversion, hostility or disposition of a kind that a fair minded person could not set aside when judging the dispute."  *Liteky*, 510 U.S. at 558.

Notably, a "presiding judge is not . . . required to recuse [herself] simply because of 'unsupported, irrational or highly tenuous speculation.'"  *Cherry*, 330 F.3d at 665 (quoting *DeTemple*, 162 F.3d at 287); *see United States v. Lentz*, 524 F.3d 501, 504 (4th Cir. 2008).  "The alleged bias must derive from an extra-judicial source [and] . . . *result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter*."  *Beard*, 811 F.2d at 827 (emphasis added).  Put simply, "[t]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality."  *Id.*

Section 455(b) of Title 28 of the United States Code enumerates circumstances in which a federal judge "shall" disqualify herself, because partiality is presumed.  Under § 455(b)(1), a judge shall disqualify herself from a proceeding if she "has a personal bias or prejudice concerning a party . . . ."  As with § 455(a), the alleged bias or prejudice referenced in § 455(b)(1) must stem from an extrajudicial source.  *Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011).  And, § 455(b)(3) compels disqualification where the judge "has served in governmental employment *and in such capacity participated as counsel, adviser or material witness concerning the proceeding* or expressed an opinion concerning the merits of the particular case in controversy."

Section 144 of 28 U.S.C. states, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The standard for recusal under 28 U.S.C. § 144 requires the plaintiff's affidavit in support of his motion to establish adequately that the judge has a "personal bias or prejudice either against [the plaintiffs] or in favor of any adverse party." *See Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). Notably, "'[a]ssertions merely of a conclusionary nature are not enough, nor are opinions and rumors.'" *United States v. Farkas*, 669 F. App'x 122, 123 (4th Cir. 2016) (per curiam) (quoting *United States v. Haldeman*, 559 F.2d 31, 34 (D.C. Cir. 1976)).

In *Sine*, 882 F.2d at 914, the Court said: "A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged." For an affidavit to be legally sufficient under § 144, it must allege "*personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from [her] participation in the case." *Id.* (emphasis in *Sine*) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). In other words, the "nature of the bias must be personal rather than judicial." *Sine*, 882 F.2d. at 914 (citing *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)).

A "clear and convincing" standard of review is applied to the determination of whether the facts in the affidavit are legally sufficient to convince a reasonable person that a personal bias or prejudice exists. *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). If the affidavit is legally sufficient, the Court must recuse itself. *Sine*, 882 F.2d at 914. On appeal, a presiding judge's denial of a recusal motion is reviewed for abuse of discretion. *Stone*, 866 F.3d at 229; *United States v. Mitchell*, 886 F.2d 667, 671 (4th Cir. 1989).

Applying these standards here, plaintiffs' recusal motion must be denied.

Plaintiffs' filings offer no grounds for recusal.  There is no basis for mandatory recusal, nor is there any basis on which a reasonable person might question my impartiality in relation to this litigation.  Insofar as ECF 23 cites any specific grounds, plaintiffs appear mistakenly to believe that a Magistrate Judge has acted in some capacity in this case without their consent.  But, no Magistrate Judge has ever handled any aspect of this case.  *See* Docket.

Plaintiffs criticize the Court, *inter alia*, for failing to grant them a default judgment.  ECF 21 at 2-3.  But, as explained above, defendants were not in default and plaintiffs were not entitled to a default judgment.  To the extent that the Court's ruling is erroneous, the plaintiff's remedy is to pursue an appeal.

My oath requires me to apply the law to the facts.  In litigation, one side prevails and the other doesn't.  Plaintiffs' dissatisfaction with the Court's rulings does not give rise to a right to disqualify the judge.

## II. Factual Background

At this juncture I must assume the truth of the facts alleged in the suit. *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).  But, the factual allegations in the Complaint here are often difficult to interpret.  Nevertheless, I attempt to summarize them, incorporating material submitted with the motions to dismiss, to the extent permitted.[2]

The Complaint relates to the foreclosure of plaintiffs' property on South Beechfield Avenue in Baltimore (the "Property").  ECF 1 at 1.  According to the Complaint: "On or about April 5, 2006 the plaintiffs purchased a home and obtained a mortgage loan from Aegis Wholesale

---

[2] In particular, I may "take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing*, LLC, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. App'x. 200 (4th Cir. 2016); *see also* Fed. R. Evid. 201(b)(2); *Schultz v. Braga*, 290 F. Supp. 2d 637, 651 n. 8 (D. Md. 2003) (taking judicial notice of dockets in state proceedings).

Corporation, in the approximate amount $400,000 [sic]." *Id.* ¶ 13.1.  Plaintiffs assert they made timely payments on the loan to "Homecomings Financial, LLC" ("Homecomings") and Nationstar between October 2006 and May 2016.  *Id.* ¶ 15.2.  However, in late 2019, Nationstar claimed plaintiffs were behind on their payments and engaged attorneys to begin the foreclosure process as to the Property.  *Id.* ¶ 15.4.

The Deed of Trust submitted with the Nationstar Motion indicates that in October of 2006 plaintiffs obtained a loan for $196,000 from Homecomings.  ECF 16-3 (Deed of Trust).  The loan was secured by the Deed of Trust, encumbering the Property and naming Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Homecomings.  *Id.*  On September 6, 2013, MERS executed an Assignment of Deed of Trust, assigning all beneficial interest in the Deed of Trust to Nationstar.  ECF 16-4 (Assignment).

Plaintiffs and Nationstar entered into a Loan Modification Agreement on May 12, 2016.  ECF 16-5 (Loan Modification Agreement).  On August 12, 2017, Nationstar appointed Substitute Trustees for the Property, including defendants Rosenberg and Meyer.  ECF 16-6 (Substitute Trustee Appointment).

The Substitute Trustees commenced foreclosure proceedings regarding the Property in the Circuit Court for Baltimore County.  *See* ECF 16-7; *see also Rosenberg, et al. v. Lee, et al.*, Case No. 03-C-17-008457 (Balt. Cty. Cir. Ct.).[3]  Rosenberg & Associates is the law firm at which Rosenberg and Meyer practice, and they represent the Substitute Trustees in the foreclosure proceedings.  *See* ECF 16-6; ECF 16-7 (foreclosure proceedings docket) at 1.

---

[3] The Nationstar Motion asserts that proceedings began on August 29, 2014 (ECF 16-1 at 2), but this is likely a typographical error, as the docket reflects that proceedings began on August 29, 2017. *See* ECF 16-7 at 1.

The Substitute Trustees' Report of Sale was filed on March 5, 2019.  ECF 16-7. at 7.  One of plaintiffs' exhibits indicates the foreclosure sale was scheduled for February 21, 2019 (ECF 8-1); plaintiffs assert it was postponed to August 23, 2019, due to the filing of "an emergency Chapter 7 bankruptcy" (ECF 1, ¶ 15.4).  Various exceptions, affidavits, and a motion to dismiss were filed by plaintiffs, which appear to have been rejected.  ECF 16-7 at 7-10.  Ultimately, the circuit court ratified the report of sale on March 11, 2020, and ratified the auditor's report on July 30, 2020.  *Id*. at 12-13.  The foreclosure case has been closed.  *Id*. at 1.

In the interim, on October 4, 2019, plaintiffs filed suit in the Circuit Court for Baltimore County against Nationstar; Rosenberg & Associates; MERS; Homecomings, and several other defendants.  *See* ECF 16-8 (complaint); ECF 16-9 (docket); *see also Lee, et al. v. Nationstar Mortgage LLC d/b/a Mr. Cooper, et al.*, Case No. C-03-CV-19-003675 (Balt. Cty. Cir. Ct.).  The case likewise related to the foreclosure process for the Property.  *See* ECF 16-8.  Plaintiffs alleged lack of standing to foreclose; fraud in the concealment; fraud in the inducement; intentional infliction of emotional distress; slander of title; violations of TILA; and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq*.  They sought declaratory relief and rescission.  ECF 16-8 at 16-20.  The circuit court dismissed the case for lack of jurisdiction on September 30, 2020.  ECF 16-9 at 4.

Plaintiffs present a variety of allegations in their federal suit.  For example, they assert that the defendants lacked standing to foreclose on the Property (ECF 1, ¶ 1.1); that Rosenberg & Associates did not meet the requirements under the FDCPA to be a debt collector (*id*. ¶ 2.1); that Meyer did not have a license to practice law (*id*. ¶¶ 3.1, 8.5); that no original note was filed in the "Notice of Default" letter (*id*. ¶ 8.19); and that plaintiffs' original debt was "actually zero" because of an economic theory that appears to involve the Federal Reserve.  *Id*. ¶ 13.2.

9

### III. Service of Process

### A.

The Nationstar Motion and the Rosenberg Motion seek dismissal under Fed. R. Civ. P. 12(b)(4) and (5) for insufficient service of process. *See* ECF 16-1 at 6-7; ECF 17-1 at 4-5. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (citation omitted).

Fed. R. Civ. P. 12(b) provides that, before submitting a responsive pleading, a defendant may move to dismiss a complaint for "(4) insufficient process" or "(5) insufficient service of process." Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[ ] of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2021) ("Wright & Miller"); *see Archie v. Booker*, DKC-14-0330, 2015 WL 9268572, at *2 (D. Md. Dec. 21, 2015).

Service of process is "fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984). And, a pro se litigant must adhere to the Federal Rules of Civil Procedure. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993); *Hansan v. Fairfax Cty. Sch. Bd.*, 405 Fed. App'x 793, 794 (4th Cir. 2010) (per curiam); *Danik v. Hous. Auth. of Balt. City*, 396 Fed. App'x 15, 16-17 (4th Cir. 2010) (per curiam).

10

Analysis under Rule 12(b) implicates Fed R. Civ. P. 4. "Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *accord*, *e.g.*, *Baylor v. Wegman's Food Market Inc.*, WDQ-14-3330, 2015 WL 4396609, at *1 (D. Md. July 16, 2015). Thus, plaintiffs bear the burden of showing that service has been properly effected. *See Scott v. Md. State Dep't of Labor*, 673 Fed. App'x 299, 304 (4th Cir. 2016) (per curiam).

Notably, insufficient service of process does not always necessitate dismissal. *See Pugh v. E.E.O.C.*, DKC-13-2862, 2014 WL 2964415, at *3 (D. Md. June 30, 2014). Of relevance here, "when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." *Miller v. Baltimore City Bd. Of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (internal citation omitted). As the Fourth Circuit has said, "[w]here the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (internal citation and quotation marks omitted).

**B.**

As indicated, defendants assert insufficient service of process, which implicates. Fed. R. Civ. P. 4. Under Rule 4(e), service on an individual shall occur "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or by "delivering a copy of the summons and of the complaint to the individual personally;" "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." For its part,

Fed. R. Civ. P. 4(h) provides that a "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . in the manner prescribed by Rule 4(e)(1) [that is, following state law] for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Maryland Rule 2-124(h) regulates service upon a limited liability company, such as Nationstar or Rosenberg & Associates, and provides: "Service is made upon a limited liability company by serving its resident agent." Meanwhile, Maryland Rule 2-124(b) provides: "Service is made upon an individual by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual." And, Maryland Rule 2-121(a) provides that service of process "may be made within this State or, when authorized by the law of this State, outside of this State" as follows:

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery."

Nationstar contends that plaintiffs merely attempted service by sending copies of the summons and Complaint by certified mail to Nationstar, not to its resident agent, and not "Restricted Delivery." ECF 16-1 at 7; *see* ECF 16-10 (plaintiff's mailing to Nationstar). For its part, the Rosenberg Motion asserts that service was inadequate because plaintiffs mailed the summons to the various Rosenberg Defendants by certified mail, but without including the Complaint and without requesting "Restricted Delivery." ECF 17-1 at 4; *see* ECF 17-3 (plaintiff's mailings to Rosenberg & Associates, Rosenberg, and Meyer).

Based on the materials submitted with the motions, defendants appear to be correct. Plaintiffs seem to have attempted service by mail according to the provisions of Maryland Rule 2-121(a)(3), but failed to comply with all relevant requirements. As noted, plaintiffs bear the burden of showing that service has been properly effected. *See Scott*, 673 Fed. App'x at 304. And, after defendants challenged service, plaintiffs have not responded with an argument to the contrary.

Ordinarily, given plaintiffs' pro se status, the Court might grant them another opportunity to effect service. But, the Court already issued a Show Cause Order to plaintiffs regarding service, after they failed to effectuate service within the time required by Fed. R. Civ. P. 4(m). *See* ECF 7. Moreover, a further extension would be futile. Even if the Court were to grant plaintiffs another opportunity to effect service, it would be to no avail, because the Complaint fails to state a claim, for the reasons discussed, *infra*.

### IV. Failure to State a Claim

#### A.

Under Fed. R. Civ. P. 12(b)(6), defendants challenge the legal sufficiency of each claim lodged by plaintiffs.

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nadendla v. Wake Meal*, ___ F.4th ___, 2022 WL 187835, at *3 (4th Cir. Jan. 21, 2022); *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019); *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if

the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

The court determines whether a complaint states a claim for relief by reference to the pleading requirements of Fed. R. Civ. P. 8. In particular, Rule 8 sets the "baseline standard to which all complaints must adhere." *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 701 (D. Md. 2017). Under Rule 8(a), a complaint must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" Fed. R. Civ. P. 8(a)(2). The rule also requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P 8(d)(1). The goal of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957), *overruled on other grounds by Twombly*, 550 U.S. 54; 5A Wright & Miller § 1202 (describing the objectives of Rule 8).

Whether a complaint falls short of Rule 8 turns on "various factors, including the length and complexity of the complaint; whether the complaint was clear enough to enable the defendant to know how to defend himself; and whether the plaintiff was represented by counsel." *Sewarz v. Long*, 407 Fed. App'x 718, 719 (4th Cir. 2011) (internal citations omitted). Notably, a complaint does not run afoul of Rule 8 merely because it is bloated with redundant allegations. *See id.* (finding district court erred in dismissing 33-page complaint where the allegations were "intelligible and clearly delineated"); *see also United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Surplusage can and should be ignored."). Nor does the occasional lapse in clarity doom a complaint.

Nevertheless, to survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading

standard for 'all civil actions' . . . ." (citation omitted)); *see also Nadendla*, 2022 WL 187835, at

*3; *Paradise Wire & Cable*, 918 F.3d at 317; *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).

To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule

8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance

dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."

*Johnson v. City of Shelby*, *Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked

assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v.

Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation.

*Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir.

2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation

of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n

unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of

relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the

complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of

action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote

and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, "a court 'must accept as true all of the factual

allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts]

in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration

in *Retfalvi*) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th

Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v.

Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, "a court is not required to

accept legal conclusions drawn from the facts." *Retfalvi*, 930 F.3d at 605 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards*, 178 F.3d at 243). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman,* 494 F.3d at 464 (emphasis in *Goodman*) (quoting *Forst,* 4 F.3d at 250).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not

expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, 576 U.S. 155, 135 S. Ct. 2218 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167. Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Id.* Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint

and there is no dispute about the document's authenticity." *Id.* at 166 (citations omitted); *see also Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019); *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 558 (2017); *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012).  To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)) (emphasis in original) (citation omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Under these principles, I may consider a variety of materials that have been submitted with the Nationstar Motion.  These include plaintiffs' Deed of Trust dated October 27, 2006 (ECF 16-3); plaintiffs' Assignment of Deed of Trust of September 6, 2013 (ECF 16-4); plaintiffs' Loan Modification Agreement of June 2, 2016 (ECF 16-5); and the Appointment of Substitute Trustee on August 15, 2017 (ECF 16-6).  These exhibits are integral to the Complaint, their authenticity

does not appear to be disputed by plaintiffs, and in some cases, such as with the Deed of Trust, they are public records. And, ECF 16-7, ECF 16-8, ECF 16-9, and ECF 16-11 are dockets and papers in other cases, which I may also consider. *See Brown v. Ocwen Loan Servicing*, LLC, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015) (district court may "take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment"), *aff'd*, 639 Fed. App'x. 200 (4th Cir. 2016); *see also* Fed. R. Evid. 201(b)(2); *Schultz v. Braga*, 290 F. Supp. 2d 637, 651 n. 8 (D. Md. 2003) (taking judicial notice of dockets in state proceedings).

I am mindful that plaintiffs are self-represented. Thus, their pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 Fed. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 Fed. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the Court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D. v. Sch. Bd. of City of Richmond*, 560 Fed. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection

claim, because plaintiff failed to allege it in the complaint).  As the Fourth Circuit has said: "To do so would not only strain judicial resources by requiring those courts to explore exhaustively all potential claims of a pro se plaintiff, but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278.

In short, "the leeway extended to a *pro se* plaintiff must be tempered to require the plaintiff to comply with the Federal Rules of Civil Procedure, including the pleading requirements of Rule 8." *Adam v. Wells Fargo Bank, N.A*., JFM-09-3287, 2010 WL 3001160, at *3 (D. Md. July 28, 2010).  The Court "'cannot construct the plaintiff's legal arguments for [her].'" *Jackson v. Warning*, PJM-15-1233, 2016 WL 7228866, at *5 (D. Md. Dec. 13, 2016) (internal citations omitted).

And, of relevance here, the Federal Rules of Civil Procedure do not countenance what is known as "shotgun pleading."  *See Lampkin-Asam v. Volusia Cty. Sch. Bd*., 261 Fed. App'x. 274, 277 (11th Cir. 2008).  A complaint that "'fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief' constitutes a 'shotgun pleading.'" *Jackson*, 2016 WL 7228866, at *4 (quoting *SunTrust Mortgage, Inc. v. First Residential Mortgage Servs. Corp*., No. 3:12CV162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted*, No. 3:12CV162, 2013 WL 505828 (E.D. Va. Feb. 8, 2013)) (alteration in *Jackson*).

"[P]leadings of this sort fail to apprise the opposing party of the particular claims against it (and the potential extent of its liability); they also water down the rights of parties to have valid claims litigated efficiently and waste scarce judicial resources." *Jackson*, 2016 WL 7228866, at

*4 (cleaned up); *see also, e.g.*, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008) (cataloging the negative consequences of shotgun pleading), *abrogated on other grounds by Twombly*, 550 U.S. 544.  Indeed, the Eleventh Circuit has said: "[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading."  *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

"Lengthy pleadings offering confusing factual narratives and conclusory statements of law place an unjustified burden on the court and any party who must respond. . . . A court therefore may, in its discretion, dismiss a complaint if it is 'so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Howes v. SN Servicing Corp.*, CCB-20-670, 2021 WL 878354, at *2 (D. Md. Mar. 9, 2021) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see also McCrea v. Wells Fargo*, RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. June 17, 2019) ("Pro se Complaints marred by 'shotgun pleading,' which renders impossible any attempt to decipher 'which allegations of fact are intended to support which claims for relief' warrant dismissal.") (internal citation omitted).

**B.**

In the Nationstar Motion and the Rosenberg Motion, defendants argue that the Complaint is barred by res judicata.  Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  *Montana v. United States*, 440 U.S. 147, 153 (1979); *see SAS Inst., Inc. v. World Programming Ltd.*, 847 F.3d 370, 378 (4th Cir. 2017); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). At bottom, res judicata is a "'practical' doctrine" that asks "whether the party has previously had a fair shot with respect to the claims raised in the present action."  *SAS Inst.*, 847

F.3d at 378 (citation omitted). The doctrine has manifest benefits; it protects litigants from vexatious litigation, conserves judicial resources, promotes efficiency, and minimizes the risk of inconsistent judgments. *See Montana*, 440 U.S. at 153-54; *SAS Inst*., 847 F.3d 3at 378; *Laurel Sand & Gravel*, 519 F.3d at 161-62.

The applicable law for purposes of res judicata is the law of the tribunal in which the prior judgment was entered. *See Migra v. Warren City Sch. Dist. Bd. of Educ*., 465 U.S. 75, 81 (1984); *Laurel Sand & Gravel*, 519 F.3d at 162. Because the relevant judgment here, a State foreclosure action, was entered in Maryland State court, I apply Maryland law regarding res judicata. In any event, federal law is to the same effect. *See, e.g., Ohio Valley Envt'l Coal. v. Aracoma Coal Co*., 556 F.3d 177, 210 (4th Cir. 2009) (applying the same test under federal law).

The party who asserts res judicata has the burden of establishing its application. *Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019). Under Maryland law, application of res judicata requires satisfaction of three conditions: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation." *Cochran v. Griffith Energy Servs., Inc*., 426 Md. 134, 140, 43 A.3d 999, 1002 (2012); *see Powell v. Breslin*, 430 Md. 52, 63-64, 59 A.3d 531, 538 (2013).

This case is at the Rule 12(b)(6) stage. Ordinarily, the court does not consider affirmative defenses, such as res judicata, in connection with a motion under Rule 12(b)(6), unless the defense "'clearly appears on the face of the Complaint.'" *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation omitted). But, "when entertaining a motion to dismiss on the grounds of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res

judicata defense raises no disputed issue of fact." *Id.*; *see, e.g.*, *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 720 (4th Cir. 2006) (noting that "dismissal on res judicata grounds is proper under Rule 12(b)(6) unless a disputed issue of material fact exists."); *Lara v. Suntrust Mtg. Inc.*, DKC-16-0145, 2016 WL 3753155, at *1 n.1, 6 (D. Md. July 14, 2016).

Consideration of defendants' res judicata argument is proper.  Defendants' arguments are premised on prior State court proceedings, of which the Court may take judicial notice.  And, although plaintiffs disagree with the outcome in that litigation, there is no genuine dispute of material fact as to what transpired in the prior judicial proceeding.

Defendants are correct that res judicata bars plaintiffs from litigating their claims here, as a consequence of the prior State foreclosure proceeding.  If plaintiffs disagreed with the rulings of the State trial court, their recourse was to seek appellate review in the Maryland Court of Special Appeals.  *See* Md. Code (2020 Repl. Vol., 2021 Supp.), § 12-301 of the Courts and Judicial Proceedings Article.

The case of *Jones v. Ward*, GJH-20-3225, 2021 WL 2861518 (D. Md. July 8, 2021), is instructive.  There, Judge Hazel considered a motion to dismiss based on limitations in a case that appears nearly identical to the one here.  *See* ECF 16-11 (the *Jones* Complaint).  And, Judge Hazel granted the motion on res judicata grounds.  *See Jones v. Ward*, 2021 WL 2861518.  I reach the same conclusion.

First, the parties in this case are the same or in privity with the parties in the earlier litigation.  Parties are in privity for purposes of res judicata where they are "so identified in interest ... that [they] represent the same legal right in respect to the subject matter involved."  *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005).  In addition, "where persons, although not formal parties of record, have a direct interest in the suit, and in the advancement of

their interest take open and substantial control of its prosecution, or they are so far represented by another that their interests receive actual and efficient protection, any judgment recovered therein is conclusive upon them to the same extent as if they had been formal parties." *Ugast v. La Fontaine*, 189 Md. 227, 232-33, 55 A.2d 705 (1947).

The Fourth Circuit has determined that when a Substitute Trustee "prosecute[s] [a] state court foreclosure action on behalf of [a mortgage servicer], which in turn serviced the underlying mortgage on behalf of [the lender,]" the servicer, lender, and Substitute Trustee share "the same right to foreclose" on the mortgage, such that "the privity component of claim preclusion is satisfied" as to them. *Jones v. HSBC Bank USA, N.A.*, 444 Fed. App'x 640, 644 (4th Cir. 2011) (per curiam); *see also Jones v. Ward*, 2021 WL 2861518, at *5 (finding Substitute Trustees to be in privity with their law firm and Nationstar, the loan servicer); *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (finding servicer in privity with Substitute Trustees); *Womack v. Ward*, No. DKC-17-3634, 2018 WL 3729038, at *3 (D. Md. Aug. 6, 2018), *aff'd*, 755 Fed. App'x 262 (4th Cir. 2019) (finding Substitute Trustees in privity with loan servicer and with and their law firm).

Heath and Marcia Lee, the plaintiffs in this case, were named as defendants in the State foreclosure case. *See* ECF 16-7 at 4. They were also plaintiffs in their related State case, *Lee v. Nationstar Mortgage LLC*. *See* ECF 16-9 at 2, 3. Rosenberg and Meyer were plaintiffs in the foreclosure proceedings, as Substitute Trustees. *See* ECF 16-7 at 2. And, Nationstar, as the holder of the promissory note and beneficiary of the Deed of Trust, was in privity with the Substitute Trustees, as was Rosenberg & Associates, as the law firm for the Substitute Trustees. Nationstar and Rosenberg & Associates, among others, were also defendants in the related State case. *See* ECF 16-9 at 2.

Second, plaintiffs' claims in this case either were raised in the prior State litigation or could have been raised in that action.  In Maryland, courts use the "transaction test" to ascertain whether claims are "identical" to those claims that were or could have been raised in prior litigation.  *See Kent Cty Bd. of Educ. v. Bilbrough*, 309 Md. 487, 499-500, 525 A.2d 232, 238 (Md. 1987).  The transaction test provides that "a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 145 Md. App. 635, 806 A.2d 314, 325 (2002) (citing *FWB Bank v. Richman*, 354 Md. 472, 493, 731 A.2d 916, 928 (1999)). Notably, "[u]nder this transactional approach, res judicata will bar a 'newly articulated claim[ ]' if it is based on the same underlying transaction and could have been brought in the earlier action." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (citing *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162). Moreover, "[a] plaintiff's invocation of a different legal theory in the subsequent action" does not preclude application of res judicata.  *Onawola v. Johns Hopkins Univ.*, AMD 07-870, 2007 WL 5428683, at *1 (D. Md. Sept. 24, 2007); *see* Restatement (Second) of Judgments § 24(2) cmt. c (1982).

Res judicata is not restricted to claims actually adjudicated in the prior litigation, but also bars claims that could have been brought.  *Boyd*, 145 Md. App. at 656, 806 A.2d at 325 (citing *Gertz v. Anne Arundel Cty.*, 339 Md. 261, 269, 661 A.2d 1157, 1161 (1995)).  In particular, judges of this Court have held repeatedly that res judicata precludes collateral attack on state court judgments of foreclosure.  *See, e.g.*, *Jones v. Ward*, 2021 WL 2861518, at *6 (finding, as to claims identical to those here, that "all of the claims brought in this suit were or could have been brought in the state [foreclosure] action"); *Betskoff v. Diane S. Rosenberg & Assocs., LLC*, PWG-18-2133, 2019 WL 3869284, at *4 (D. Md. Aug. 16, 2019) (FDCPA and state law claims barred by

foreclosure action), *aff'd*, 796 Fed. App'x 814 (4th Cir. 2020); *Peden v. BWW Law Group*, PWG-16-4012, 2018 WL 690880, at *4 (D. Md. Feb. 1, 2018) (finding that allegations of falsification of promissory and deed of trust notes and foreclosure by an improper party satisfied the second element of res judicata because they could have been raised in the foreclosure proceeding); *Proctor*, 289 F. Supp. 3d at 683-84 (finding that an action to quiet title, alleging that the lenders did not properly hold the deed of trust and litigated the foreclosure action without authority, satisfied the second element of res judicata because all of the claims could have been raised in the foreclosure action); *Prudencio v. Capital One, N.A.*, PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (determining that all of plaintiffs' claims could have been raised in the foreclosure action and were precluded); *Bullock v. Ocwen Loan Servicing, LLC*, PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (finding that plaintiff's claims, including FDCPA and RESPA claims, premised on the contention that defendants lacked legal authority to enforce the note and deed of trust, arose out of the same transactions as the state foreclosure action and were precluded); *McCreary v. Benificial Mortg. Co. of Md.*, AW-11-CV-1674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing, as barred by res judicata, the plaintiff's claims including fraud and fraudulent misrepresentation, because "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings"); *Jones v. HSBC Bank USA, N.A.*, RWT-09-2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (collecting cases), *aff'd*, 444 Fed. App'x 640 (4th Cir. 2011); *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000) (determining that plaintiff's claims in federal court, including illegal foreclosure, fraud, misrepresentation, and conspiracy, were barred by res judicata because they concerned the same transaction as the foreclosure proceeding).

The circuit court ratified the sale on March, 11, 2020. *See* ECF 16-7 at 12. "The ratification of sale constitutes a final judgment for preclusion purposes." *Proctor*, 289 F. Supp. 3d at 684 (citation omitted); *see Jones v. Ward*, 2021 WL 2861518, at *6 (same); *McGhee v. JP Morgan Chase Bank, N.A.*, DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) (same). Again, if plaintiffs were dissatisfied with the disposition of the case, they could have appealed.[4]

Here, all of plaintiffs' claims arise out of the foreclosure process relating to the Property, which was the subject of the previous foreclosure proceeding. And, the claims seek to attack the validity of the foreclosure judgment on grounds comparable to those that were asserted or that could have been asserted in that case.

"Fraud and illegality" provide a recognized exception to "the rule that 'a final ratification of sale is res judicata as to the validity of such sale.'" *Betskoff*, 2019 WL 3869284, at *5 (quoting *Bassoff v. Treanor, Pope & Hughes P.A.*, RDB-14-3753, 2015 WL 8757651, at *8 (D. Md. Dec. 15, 2015)). But, this requires "extrinsic fraud, not intrinsic fraud." *Jones v. Rosenberg*, 178 Md. App. 54, 72, 940 A.2d 1109, 1119 (2008). "Fraud is extrinsic when 'it actually prevents an

---

[4] The Nationstar Motion and the Rosenberg Motion argue that plaintiffs' requested relief, namely to vacate their foreclosure sale, violates the *Rooker-Feldman* doctrine. *See* ECF 16-1 at 14-15; ECF 17-1 at 6-7.

The doctrine derives from two Supreme Court cases: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). It prohibits a federal district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015). In other words, the *Rooker-Feldman* doctrine precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

Defendants' argument as to *Rooker-Feldman* may have considerable merit. But, given my disposition of this case on other grounds, I need not reach it.

adversarial trial but is intrinsic when it is employed during the course of the hearing which provides the forum for the truth to appear, albeit, the truth was distorted by the complained of fraud.'" *Id*. (quoting *Manigan v. Burson*, 160 Md. App. 114, 120, 862 A.2d 1037, 1041 (2004). Examples of intrinsic fraud include forged documents and perjured testimony, while examples of extrinsic fraud include "[w]here the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court," or similar circumstances. *Schwartz v. Merchants Mortg. Co.*, 272 Md. 305, 309, 322 A.2d 544, 547 (1974).

The Complaint seems to allege fraud, albeit in a conclusory fashion that does not satisfy the heightened pleading standard under Fed. R. Civ. P. 9(b). In any event, it does not allege circumstances of extrinsic fraud, such as plaintiffs being prevented from fully exhibiting their case during the foreclosure proceedings, and instead at most alleges intrinsic fraud, such as purportedly fraudulent mortgage documents. *See Jones v. Ward*, 2021 WL 2861518, at *7 (reaching same conclusion); *Betskoff*, 2019 WL 3869284, at *5 (reaching same conclusion).

In sum, res judicata bars plaintiffs from bringing the claims they lodge in the Complaint.

## C.

Even if res judicata did not present a bar to the Complaint, defendants assert other grounds to support their contention that plaintiffs fail to state claims that satisfy the requirements of Fed. R. Civ. P. 8. They contend, for example, that there is no cause of action for wrongful foreclosure; that plaintiffs have failed to state a claim under the FDCPA or TILA; that plaintiffs have pleaded no facts to support a claim for breach of contract; and that plaintiffs do not allege which "Federal Trust and Lien Laws" form the basis of their Complaint. *See* ECF 16-1 at 9-14; ECF 17-1 at 7-10.

In view of my disposition, however, I decline to address these contentions. I note, however, that the Complaint offers a "confusing factual narrative[] and conclusory statements of law," and

is "'so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'" *Howes*, 2021 WL 878354, at *2 (quoting *Salahuddin v. Cuomo*, 861 F.2d at 42); *see also McCrea*, 2019 WL 2513770, at *7 ("Pro se Complaints marred by 'shotgun pleading,' which renders impossible any attempt to decipher 'which allegations of fact are intended to support which claims for relief' warrant dismissal.") (internal citation omitted).

## V. Plaintiffs' Other Motions

As mentioned, plaintiffs have filed a number of other motions and requests.

ECF 2, titled "Jurisdictional Challenge With Affidavit," appears to challenge the jurisdiction of the Circuit Court for Baltimore County in plaintiffs' foreclosure action on various grounds. *Id*. But, this action is not in the State circuit court, and plaintiffs have alleged this Court's federal question jurisdiction in their Complaint (*see* ECF 1 at 3-4). This filing is of no relevance here.

Plaintiffs filed a "Notice and Demand for Default Pursuant to Rule 56(C)(2)(3)(4) [sic]." ECF 3. This action appears to request that the Clerk enter a default judgment against defendants for asserted failure to respond to plaintiffs' lawsuit. *Id*. at 1. But, ECF 3 was filed by plaintiffs on April 28, 2021, the same date that they filed the Complaint. *See* Docket. Plaintiffs did not even return executed summons until November 19, 2021, purporting to reflect service on October 25, 2021. *See* ECF 20. Thus, responses were not due from defendants until around this time. An entry of default is only contemplated if a party has "failed to plead or otherwise defend," when the deadline has expired for them to do so. Fed. R. Civ. P. 55(a). This was not the case here.

ECF 8 is a request for a TRO, permanent injunction, and emergency hearing. As noted, the Court already rejected plaintiffs' request for a TRO and emergency hearing. ECF 12; ECF 13. And, a permanent injunction is plainly inappropriate.

To obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits [for a preliminary injunction] rather than actual success." *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987). Plaintiffs have not established satisfaction of the criteria.

ECF 9 is a "Motion to Moot All Pleadings," unless and until defense counsel prove the subject matter jurisdiction of the Court. ECF 9 also asserts challenges to the Court's jurisdiction. The Motion is curious, given that plaintiffs invoked the Court's jurisdiction. And, ECF 14 appears to be another challenge to the State circuit court's jurisdiction. Again, this filing is of no relevance here.

## VI.  Conclusion

For the reasons stated above, I shall grant the Nationstar Motion and the Rosenberg Motion, and I shall dismiss the case, with prejudice. I shall also deny plaintiffs' other motions.

An Order follows, consistent with this Memorandum Opinion.

Date:   January 27, 2022                            _____/s/_____

                                                    Ellen L. Hollander
                                                    United States District Judge